No. 3821-4132.

(Court of Appeal, Parish of Orleans.)

JOHN F. LINDNER vs. CITY OF NEW ORLEANS.

The public streets and highways cannot be sold for taxes or acquired at tax sale.

Appeal from Civil District Court, Division "D."

Theo. Cotonio, for Plaintiff and Appellee.

St. Clair Adams & J. Q. Gowland, for Defendant and Appellant.

MOORE, J.   When this cause was before us on first appeal we made decree avoiding the judgment which was in favor of plaintiff, and remanded the cause for the purpose of enabling the City to establish by proper evidence, the alleged fact that the property to which the plaintiff claimed title by virtue of certain tax deeds, was the City's property and dedicated to public uses before plaintiff's acquisition (Lindner vs. City etc. No. 3821-March 19th, 1906.)

On the second trial there was judgment in favor of the City and against plaintiff decreeing the former to be the owner of the property claimed, but reserving to plaintiff the right to claim taxes which he may have paid as well as the purchase price of the two pieces of property."

From this judgment plaintiff appeals.

The evidence is conclusive that the City acquired the property in suit in August, 1900, and that by its deed of purchase the property was then and thereby dedicated to the Public use for a street.   Plaintiffs title arises from a State tax sale of the property made June 17th, 1902, and from a City tax sale of date June 20th, 1903, both, therefore, long subsequent to the City's title to and dedication of the property.   As a consequence the tax sales by the State and City of this property to plaintiff, are clearly void.   To the extent that the judgment appealed from so decrees it is not error, but we are of opinion that as the plaintiff actually paid the City the price at which the City adjudicated the property to him at its tax sale, and also paid the assessed City taxes on the property since said

purchase; and as the record contains full proof of the amounts so paid the City, the judgment instead of relegating the plaintiff to a separate suit to recover same of the City, should be absolute in favor of the plaintiff for the aggegate amounts so paid.   The proof is that the property was adjudicated at

City tax sale to plaintiff for...................... $18.28

He paid for passing act and recording same........ 5.00

And he paid to the City the City taxes for 1903........ 7.30

1902 ............. ............................... 7.65

1901 ........... ........•.......... ........... 9.35

Total ................ ............. ........ $47.58

We will, therefore, amend the judgment so as to allow plaintiff this sum.

It is, therefore, ordered, adjudged and decreed that the Judgment appealed from be and the same is hereby amended by inserting therein, instead of the reservation made, that the plaintiff be and he is hereby decreed entitled to have refunded and reimbused to him by the City of New Orleans the sum of forty-seven 58/100 dollars amount actually paid by him to said City, and that accordingly the plaintiff have Judgment against said City of Ne wOrleans for the sum of Forty-seven 58/100 dollars with legal interest thereon from this date until paid and that as thus amended the judgment appealed from be and is hereby affirmed.

The costs of appeal to be taxed against the appellee and those of the Lower Court against plaintiff and appellant.